24784, 24809. CITY OF ALBANY et al. v. BOND et al.; and vice versa.

ARGUED SEPTEMBER 9, 1968—DECIDED OCTOBER 10, 1968—REHEARING DENIED NOVEMBER 7, 1968.

*Farkas, Landau & Davis, James V. Davis,* for appellants.
*Eugene C. Black, John H. Hayes,* for appellees.

GRICE, Justice. The substantial question made on this appeal and cross appeal is whether any further referendum elections can be held under Georgia Laws 1964, page 771 (*Code Ann.* § 58-1083), relating to the sale of alcoholic beverages by the drink, where one referendum has been held and the result was against implementing such statute.

This question arises from an action in the Superior Court of Dougherty County by Ernest Bond and others against the City of Albany and certain of its officials, seeking an injunction and other relief against the holding of a second referendum on implementation of the statute above referred to. The plaintiffs alleged in essence that the contemplated referendum was un-

lawful because a second referendum was not authorized since a prior one resulted in a vote against implementing the statute; because the contemplated referendum would be within two years of the prior one; and because the petition seeking this referendum did not contain the names of 35% of the registered and qualified voters of the City of Albany, but those of only 22.6%. The complaint also alleged that the statute is contrary to the State and Federal Constitutions for specified reasons.

The defendants in their answer and counterclaim denied the material allegations of the complaint, asserted their own contentions as to the validity of the proposed referendum and of the statute, and sought a declaratory judgment as to the issues thus made.

The case was tried on a stipulation as to the salient facts and contentions.

The trial court ruled in substance: (1) that the statute is not violative of specified provisions of the State and Federal Constitutions as contended; (2) that under the statute the City cannot, either upon its own initiative or pursuant to a petition, hold a referendum until two years after a prior referendum; (3) that pursuant to the statute the City may on its own initiative call an election anytime after two years from such prior referendum; and (4) that if the City does not call such referendum, it shall be required to do so, after two years from the prior one, upon petition of 35% of the registered and qualified voters, but shall not be required to do so upon petition of only 15%. It enjoined the defendants from conducting referendum elections under the statute until two years after the prior referendum.

In the main appeal (Case number 24784) the City and allied defendants enumerate as error the ruling that the City cannot, upon its own initiative or pursuant to petition, hold another referendum until two years after the prior one, and the ruling that a petition of 35% of the voters of the City, instead of 15%, is necessary to require the City to hold another referendum.

In the cross appeal (Case number 24809) the plaintiffs enumerate as error the following rulings: (1) that the statute is not unconstitutional as contended; (2) that the City cannot hold another referendum until two years after the prior one; (3)

that the City can, on its own initiative, call another referendum two years after the prior one; and (4) that in the event the City does not call a referendum after the two-year period it shall be required to do so upon petition of 35% of the voters. These enumerations, except for the first one, assert that these rulings are erroneous because the statute does not authorize any further referendum where, as here, the result of the prior one was against implementation of its provisions.

The statute (Ga. L. 1964, p. 771; *Code Ann.* § 58-1083), when effectuated by a favorable vote in a referendum conducted for that purpose, permits counties where the sale of alcoholic beverages is authorized by law and which have a population of 40,000 or more, and cities and municipalities lying within such counties, to license the sale of alcoholic beverages by the drink for consumption only on the premises and allows them to adopt rules and regulations for issuance of licenses and to govern the conduct of licensees.

The portions of the statute relevant here are Subsections (d)· and (e), which are as follows:

"(d)   This section shall not become effective until a referendum has been held and conducted, in accordance with this section, by the governing authority of any municipality or county affected by this section.

"In the event the governing authority of any municipality or county coming under the provisions of this section desires to implement and place this section in effect, then and in that event such governing authority shall conduct a special referendum for the purpose of determining whether or not this section shall become effective. In the event a majority of those persons voting in any such referendum election vote in favor of implementing this section, then this section shall become effective immediately. In the event a majority of those voting in any such referendum election shall vote against implementing this section, then this section shall become null; void and of no force or effect in the municipality or county wherein said referendum election was conducted.

"In the event the governing authority of any municipality or county coming under the provisions of this section does not call

for and conduct the referendum provided for above, then, upon a written petition containing the signatures of fifteen (15%) per cent of the registered and qualified voters of any municipality or county coming within the provisions of this section being filed with the appropriate governing authority, then said governing authority shall be required to hold and conduct a special referendum election for the purpose of submitting to the qualified voters of any such municipality or county the question of whether or not this section shall become effective. In the event a majority of the persons voting in such referendum vote in favor of implementing this section, then this section shall become of full force and effect immediately. If a majority of the qualified voters voting in any such referendum vote against implementing this section, then this section shall become null, void and of no force and effect as to the municipality or county holding such referendum.

"(e) In any municipality or county which has at any time held an election in accordance with the foregoing provisions of this section resulting in the majority of the votes being cast in favor of the sale of distilled spirits or alcoholic beverages for beverage purposes by the drink, the governing authority of such municipality or county shall upon a petition signed by at least thirty-five (35%) per cent of the registered, qualified voters of said municipality or county proceed to call another election in the same manner as hereinbefore prescribed for the purpose of nullifying the previous election; provided, however, no such election shall be called or had within two (2) years after the date of the declaration by the governing authority of the results of the previous election held for such purposes as hereinabove provided."

This statute was enacted as an amendment to the "Revenue Tax Act to Legalize and Control Alcoholic Beverages." Ga. L. 1937-38, Ex. Sess., p. 103.

We have found no case involving the question here.

However, we conclude that the proper construction of this statute is that after one referendum has been held and the result is against implementation of the statute, another referendum cannot be held.

This conclusion, as we view it, is required when effect is given to the plain provisions of the statute relating to the consequences of a vote against implementation. It is significant that Subsection (d) provides in two instances that where the vote in a referendum held under the statute is against implementing the statute, *"this section shall become null, void and of no force and effect in the municipality. . ."* (Emphasis supplied.) By the use of these strong terms the General Assembly has unequivocally declared that the consequence of the vote against implementation is death to this mixed-drink statute insofar as the particular municipality or county is concerned. In such instance there can be no revival by subsequent referendum efforts.

The same conclusion is demanded from a consideration of what is *not* provided in the Act. In this connection it is important that the statute contains no provision whatever for a subsequent referendum in the event of an unfavorable result, whereas there is a specific provision for a subsequent election where the original vote was favorable to implementing the statute. In the former situation the statute is completely silent. In the latter situation, Subsection (e) requires that the City, after two years from a referendum resulting in a vote in favor of implementing the statute, may on its own initiative and shall, upon petition of 35% of the registered and qualified voters, call another election for the purpose of nullifying the previous one. This express provision in one situation and silence as to the other indicates that the General Assembly considered the possibility of subsequent referenda and decided to provide for them only where the original vote was in favor of implementing the statute.

The General Assembly no doubt was aware that in legislating on the subject of alcoholic beverages it was dealing with a commodity fraught with danger and therefore determined, as in the past, to proceed with extreme caution.

We cannot by judicial construction provide for a subsequent referendum where the statute is silent, as here.

Therefore, we uphold the position of the cross appellants that a subsequent referendum is not authorized. This ruling makes it unnecessary to consider the constitutional question they assert.

It also controls adversely to appellants in their enumerations of error in the main appeal.

*Judgment reversed on cross appeal, and on main appeal. All the Justices concur.*